UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VINCENT ANDERSON,**

    **Plaintiff,**

vs.    CASE NO.:

**SOUTH BEACH ORTHOTICS
& PROSTHETICS, INC., a
Florida Profit Corporation.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff VINCENT ANDERSON (hereinafter referred as "Mr. Anderson" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant SOUTH BEACH ORTHOTICS & PROSTHETICS, INC. (hereinafter referred as "SOUTH BEACH ORTHO" or "Defendant"), and states the following:

## INTRODUCTION

This is an action for damages and all available relief based on sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from sexual harassment and retaliation and to recover front pay,

back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. The acts and omissions giving rise to this action occurred in Lakeland, Florida.

4. Defendant conducts business in Lakeland, Florida.

5. Plaintiff was employed with Defendant in Lakeland, Florida.

6. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

7. This is an action at law raises a federal question under federal law.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

9. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## PARTIES

10. Plaintiff is an adult individual who resides in Lakeland, Polk County, Florida.

11. At all times material hereto, Plaintiff worked for Defendant in Lakeland, Polk County, Florida.

12. At all times material hereto, Plaintiff worked for Defendant as a Director of Patient Care.

13. Defendant SOUTH BEACH ORTHOTICS AND PROSTHETICS, INC. is and was, at all relevant times, a Florida Profit Corporation, operating in Polk County, Florida and is within the jurisdiction of this Court.

14. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

15. Plaintiff is a male individual who suffered sexual harassment and retaliation.

16. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

17. Plaintiff was qualified for his position of employment as a Director of Patient Care.

18. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2022.

21. The EEOC issued a Notice of Right to Sue on October 19, 2022.

22. Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

23. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

24. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

25. Plaintiff was hired by Defendants in April 2021 as a Director of Patient Care.

26. Plaintiff remained in that position until the end of his employment on or around on January 15, 2022.

27. During Plaintiff's employment, he was subjected to continuous sexual harassment by Defendant's owner, Mark Selleck.

28. Specifically, Selleck would regularly make and send to Plaintiff, sexually explicit comments on a near daily basis.

29. Indeed, Selleck would send unwelcome sexually explicit text messages regarding sex toys and the size of athlete's jock straps.

30. In addition, Selleck also sent Plaintiff text messages suggesting that Plaintiff would receive a pay increase if he acceded to Selleck's sexual advances.

31. Shockingly, Selleck invited Plaintiff to join him at a gay "happy ending" massage parlor. Plaintiff declined Selleck's invitation.

32. Plaintiff rebuffed Selleck's advances and his last complaint regarding the unlawful sexual harassment to which he was subjected to was on or about January 12, 2022.

33. Days later, on January 15, 2022, Plaintiff was terminated.

34. Defendant's reason for termination was false and a pretext for discrimination and retaliation.

## COUNT I
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

61. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 34, as though fully stated herein.

62. Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during his employment with Defendant,

5

which was perpetuated upon him by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of his gender.

63. Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing conduct, but Defendant failed to take any appropriate corrective actions.

64. This sexually harassing conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

65. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

66. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's rights.

67. During the course of his employment Plaintiff was forced work in a sexually hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

68. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

69. Defendant's actions were open and obvious.

70. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF FCRA

71. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 34, as though fully stated herein.

72. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

73. Plaintiff was subjected to unwelcome, offensive, and sexually harassing conduct during his employment with Defendant, which was perpetuated upon him by Defendant.

74. Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing conduct, but Defendant failed to take any appropriate corrective actions.

75. This sexually harassing conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

76. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

77. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's rights.

78. During the course of his employment Plaintiff was forced work in a sexually hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

79. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

80. Defendant's actions were open and obvious.

81. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

82. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 34, as though fully stated herein.

83. Plaintiff engaged in statutorily protected activity when he complained to Defendant regarding the sexual harassment against him.

84. Plaintiff suffered an adverse employment action when he was subjected to unfounded discipline and ultimately terminated.

85. A causal connection exists between the protected activity and the adverse action.

86. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of his complaints of sexual harassment.

87. Defendant does not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

88. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

101. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 34, as though fully stated herein.

102. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

103. At all material times, Plaintiff was qualified to perform his job duties.

104. Defendant retaliated against Plaintiff because of his complaints about sexual harassment.

105. Plaintiff engaged in a protected activity by making numerous complaints to Defendant regarding sexual harassment.

106. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

107. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

    b.       Interest on back pay and benefits;

    c.       Front pay and benefits;

    d.       Compensatory damages for emotional pain and suffering;

    e.       Injunctive relief;

    f.       Prejudgment interest;

    g.       Costs and attorney's fees; and

    h.       Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 10th day of January, 2023.

                Respectfully submitted,

                s/ Anthony Hall
                Anthony Hall, Esquire – LEAD COUNSEL
                FBN: 40924
                Anthony Hall, Esquire
                FBN: 40924
                THE LEACH FIRM, P.A.
                631 S. Orlando Ave., Suite 300
                Winter Park, FL 32789
                Telephone: (407) 574-4999
                Facsimile: (833) 813-7513
                Email: ahall@theleachfirm.com
                Email: aperez@theleachfirm.com